UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CIVIL ACTION NO. 3:09-CV-269-H

LUTHER DAVID FITZGERALD                                                              PLAINTIFF

V.

TRANSMONTAIGNE OPERATING CO., L.P.                                         DEFENDANT

**MEMORANDUM OPINION AND ORDER**

Plaintiff, Luther Fitzgerald, was injured while working for Usher Transport, Inc. ("Usher"), when he fell from the top of a tanker truck while filling it at Defendant's, Transmontaigne Operating Co., L.P., facility. Plaintiff brought this case against Defendant alleging the injury was caused by an inadequate guard rail maintained by Defendant. Independent of this case, Plaintiff has filed a workers' compensation claim against Usher and is receiving workers' compensation benefits while that claim is pending. At this time, Defendant moves for an order stating it will be able to receive an apportionment instruction against Usher under KRS § 411.182 despite the fact that Usher has never been a party to this case. Plaintiff contends that Defendant must join Usher to the proceedings before such an apportionment instruction can be granted.

KRS § 411.182 provides that the Court shall give an apportionment instruction where the case involves the fault of more than one party to the action. While the instruction can only be given against "parties to the action," the statute defines those parties broadly to include "third party defendants and persons who have been released under subsection (4)." KRS § 411.182(1). Subsection four includes parties who have been discharged from liability by "[a] release, covenant not to sue, or similar agreement." KRS § 411.182(4). Defendant contends that because

Usher has agreed to provide workers' compensation to Plaintiff and a claim for workers' compensation has been filed, Usher is included as a party under subsection four. Plaintiff, on the other hand, claims that because the workers' compensation claim has not been finally settled, Usher is not one of the parties included in subsection four and an apportionment instruction is, therefore, improper without Usher's joinder as a party.

The Kentucky Court of Appeals has held that "KRS 411.182(4) covers the workers' compensation situation; thus *an agreement to operate under the act is a 'similar agreement' within the statute*." *Ingersoll-Rand Co. v. Rice*, 775 S.W.2d 924, 930 (Ky. Ct. App. 1989) (overruled on other grounds by *Continental Marine, Inc. v. Bayliner Marine Corp.*, 929 S.W.2d 206 (Ky. Ct. App. 1996)) (emphasis added). *Ingersoll-Rand* gives no indication that the workers' compensation claim must be fully adjudicated and paid before the employer is included within KRS § 411.182(4). Moreover, the Kentucky Supreme Court has held that "the plaintiff's employer, by providing workers' compensation coverage, occupied the same position as a settling tortfeasor." *Owens Corning Fiberglas Corp. v. Parrish*, 58 S.W.3d 467, 481 (Ky. 2001). Thus, it is apparent that Usher's agreement to operate under the workers' compensation system means that Usher is to be treated as a "settling tortfeasor" for purposes of apportionment.

Finally, in *Parrish* the Kentucky Supreme Court specifically held, "KRS 411.182 does not require as a prerequisite for apportionment that the settling person be joined as a party to the action. In fact, it implies that the settling person will not be named a party to the action." *Id.* at 480. It is clear then that Defendant need not bring Usher into this action to get an apportionment instruction against it.

Being otherwise sufficiently advised,

IT IS HEREBY ORDERED that Usher shall be considered a "settling tortfeasor" for

purposes of determining whether an apportionment instruction is appropriate and an apportionment instruction regarding Usher will be given if the evidence supports it.

cc:     Counsel of Record